UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
MAR 03 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

Ken Phillips and Pat Phillips and §
Phillips Aviation, §
   *Plaintiffs*, §
§
§
v. § Civil Action Number
§ DR-02-CA-32-OLG/DG
§
City of Del Rio, Texas, and Jack §
Richardson, §
   *Defendants*. §

## ORDER

Pending is the "Defendant's Motion to Compel and for Contempt," which was filed on February 13, 2003. For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.

### Background

This is a lawsuit brought by Ken and Pat Phillips, Del Rio residents, and Phillips Air, a Texas sole proprietorship having its principal place of business in Del Rio, Texas, against the City of Del Rio and Jack Richardson, who is the director of the City's municipal airport. According to the plaintiffs' amended complaint, Ken and Pat Phillips started an airplane charter business at the City of Del Rio's municipal airport in 1989. In 1997, they sought a written lease for office and ground space at the airport and a Fixed Base Operator Agreement (FBOA), which would have entitled the plaintiffs to provide storage, fueling, maintenance, repair and other ground-based services to aircraft using the airport. In 1999, the City hired Jack Richardson as the director of the airport, and delegated to him final authority in matters pertaining to administration of airport leases and contracts and supervision of airport users. The plaintiffs



claim that although they were fully qualified and met all standards and policies of the City, for more than two years it failed to act upon or grant the plaintiffs' request for a lease or an FBOA. The plaintiffs also claim that they made repeated requests to "enter into such agreements upon terms generally used and made available to airport users according to Defendants' known standards, policies, practices, and customs." Only when the plaintiffs retained legal counsel and threatened to sue for breach of "civil and constitutional rights," did the City, in 2000, finally enter into a written ground lease (Written Lease) and FBOA with the plaintiffs. Even so, however, the plaintiffs claim the City has still not entered into a written lease for the office space they now occupy, even after repeated requests and negotiations.

The plaintiffs also claim that since the Written Lease and FBOA were finalized, the defendants have engaged in a "systematic and discriminatory pattern and policy of conduct" towards the plaintiffs which was designed to injure their business and deprive them of their property and contractual rights. The plaintiffs claim, for example, that the defendants (1) charged fuel flow fees against the plaintiffs which they did not charge against other airport users similarly situated; (2) repeatedly threatened the plaintiffs with legal action for nonpayment of fuel flow fees, even when those fees were paid; (3) repeatedly forced the plaintiffs to undergo inspections, investigations, and procedures which were not imposed on other airport users; (4) intentionally omitted the plaintiffs from various airport directories and publications, even while listing other airport users similarly situated; (5) promoted the interests of a competitor of the plaintiffs, Frontera Aviation, and its principal, Barney Lowe (a felon convicted of lying to FAA authorities and piloting an aircraft when his license had been suspended), over those of the plaintiffs, giving Frontera favorable publicity and endorsement. The plaintiffs also allege that

the airport director, Jack Richardson, defamed them by stating that they polluted the airport runway, were guilty of fire code violations, tried to steal electric service, put airplane fuel into automobiles, induced their employees to falsity reports, evaded taxes, and were "deadbeats."

## Discussion

The discovery dispute concerns the defendants' contention that the plaintiffs failed to produce documents which they were commanded to produce by subpoenas duces tecum which were attached to deposition notices for Plaintiffs Ken and Pat Phillips. These notices set the plaintiffs' deposition for January 31, 2003, at the offices of the defendants' counsel in San Antonio, Texas. The notices also commanded Ken and Pat Phillips "to produce at the deposition all the documents (or legible copies if the originals are not available), listed on Exhibit 'A' attached hereto which are in the possession, custody, or control" of Ken and Pat Phillips. The documents to be produced were as follows:

1. Any and all general ledgers for Ken Phillips or Ken and Pat Phillips;

2. Any and all general ledgers for Phillips Air;

3. Any and all bank account statements for Ken Phillips or Ken and Pat Phillips from 1995 through 2002;

4. Any and all back account statements for Phillips Air from 1995 through 2002;

5. Any and all income tax returns for Ken Phillips or Ken and Pat Phillips from 1995 through 2002; and

6. Any and all income tax filings for Phillips Air from 1995 through 2002;

7. All business plans for Phillips Air from 1995 through 2000;

8. All mission statements for Phillips Air from 1995 through 2000;

9. All documents reflecting Ken & Pat Phillips' ownership interest in Phillips Air;

10. Any and all documents you have submitted to any state or federal agency complaining about the City of Del Rio;

11. Any and all responses from any state and federal agency regarding any complaints you have made against the City of Del Rio, Jack Richardson, or the Del Rio International Airport in the past 10 years;

12. All directories you claim you were entitled to be included in, but were not.

On January 31, 2003, Ken and Pat Phillips appeared for their depositions. On that same day, they also hand-delivered their objections to the defendants' subpoena duces tecum. They did not provide any of the documents commanded by the subpoena. The defendants claim that plaintiffs did not bother to inform defendants prior to the depositions that they would be filing objections or that they would not be providing any of the requested documentation; and that when defendants later requested that plaintiffs re-appear for deposition and provide the requested documentation, plaintiffs refused. Both plaintiffs were eventually deposed – Ken Phillips for six hours; Pat Phillips for three – but the requested documents and information have not been provided, according to defendants' motion. Defendants ask this court to order plaintiffs to produce the requested information and to appear for further depositions so the defendants may question them regarding the subpoenaed documents.

The plaintiffs respond that their counsel informed defendants' counsel one week prior to the scheduled depositions that plaintiffs would not be providing any of the requested documents in San Antonio, because to do so would be unnecessarily burdensome and expensive. The plaintiffs support this contention with an affidavit from Elizabeth C. Boddy, who is one of the attorneys of record for plaintiffs. Boddy states in her affidavit that on January 21, 2003, she called Mr. Ryan Henry, counsel for defendants, and told him over the telephone that the documents which plaintiffs did not object producing "would be made available to him for his

4

inspection at Phillips Air in Del Rio upon 48 hours notice," and that she "informed him that we would not be producing any additional documents to him in San Antonio," other than a redacted attorneys' fee statement. The plaintiffs' written discovery responses to the defendants' requests for production also went out that same day stating that the additional non-objectionable documents would be available for inspection in Del Rio. The returned green card (a copy of which is provided by plaintiffs) indicates that Mr. Henry's office received these written discovery responses on January 23, 2003. The plaintiffs also claim that despite this prior notice from plaintiffs' counsel, defendants made no effort to reschedule the depositions to allow time for inspection of these non-objectionable documents prior to deposing the plaintiffs.

The defendants nevertheless claim in their motion to compel that plaintiffs waived their objections by failing to timely serve them in writing "until the day of the depositions." Working in defendants' favor is the fact that Rule 45(c)(2)(B) clearly requires written objections to a subpoena duces tecum. *See* FED. R. CIV. P. 45(c)(2)(B) (providing that party served with a subpoena requesting production of documents must serve any objection in writing to the requesting party's counsel within 14 days of service of the subpoena). The telephonic notice of January 21st described in Boddy's affidavit is therefore insufficient, even if one assumes for the sake of argument that it somehow complied with the 14 day requirement. Also working in defendants favor is that fact that, according to the undisputed and unchallenged certificates of service on the deposition notices for Ken and Pat Phillips, true and correct copies of the notices were served upon plaintiffs' counsel via hand delivery on December 26, 2002. Thus, the written responses to defendants' requests for production which are mentioned in Boddy's affidavit were sent out well after the end of the fourteen (14) day period specified in Rule 45(c)(2)(B) of the

Federal Rules of Civil Procedure. *See id.* Ordinarily, the failure to make timely objection to a subpoena duces tecum pursuant to Rule 45 will waive any objection. *In Re Motorsports Merchandise Antitrust Litigation*, 186 F.R.D. 344, 349 (W.D. Va. 1999) (citing additional authorities). Only in unusual circumstances and for good cause shown, will the failure to act timely will not bar consideration of the objections. *Id.* In this case, however, no such showing has been made. Accordingly, the court finds that plaintiffs' failure to make timely objection to defendants' subpoenas duces tecum pursuant to Rule 45 resulted in a waiver of the objections.

### Conclusion and Order

Plaintiffs' objections having been waived, the court THEREFORE ORDERS that defendants' motion to compel and for contempt is GRANTED IN PART.

Plaintiffs are HEREBY ORDERED to produce all documentation commanded in the subpoenas duces tecum issued to plaintiffs on December 26, 2002, Exhibits "A" and "B" of defendants' motion to compel, to defendants within ten (10) business days from the date of this order.

IT IS FURTHER ORDERED that Plaintiffs Ken and Pat Phillips shall appear for depositions by defendants within twenty (20) days from the date of this order. Such depositions shall not exceed six (6) hours in length per deposition. Plaintiffs shall be assessed all costs associated with the depositions and the production and copying of all documents commanded by the subpoenas duces tecum. Defendants shall produce to the court no later than ten (10) days after these depositions a written report containing the itemized costs associated with the depositions and the production and photocopying of documents commanded by the subpoenas.

IT IS FURTHER ORDERED that defendants' request for a finding of contempt is

DENIED. Plaintiffs are cautioned in the strongest possible terms that failure to comply with this order will result in a finding of contempt by the undersigned, with the imposition of such fines and penalties as may be appropriate under the circumstances.

SIGNED on this 28th day of February, 2003.

_____
DENNIS G. GREEN
U.S. MAGISTRATE JUDGE